'Ingkaham, J., (dissenting).
I am unable to agree *69 with my associates in the conclusion to which they have arrived.
This action is brought to recover the amount due for one quarter under an agreement executed by the plaintiff and the defendant. I think that the true construction of this clause of the agreement is, that immediately upon the termination of the agreement of employment, the defendant did have a license to use all the inventions that may have been used in carrying on the business of the company. By operation of the agreement without any further act on the part of either the plaintiff or the defendant, the license was created. No other construction can be given to the clause in question without disregarding the plain obvious meaning of the words used. When an option was given the language used was very different; it was that the company should “be entitled to purchase ” but when a grant was intended the words were “ shall have a license.”
Such being the construction of the contract it is clear that there was an implied obligation to pay the consideration expressed.
In Booth v. Cleveland Rolling Mill Co., 74 N. Y. 21, Allen, J. says: “ There is no particular formula of words or technical phraseology necessary to the creation of an express obligation to do or forbear to do a particular thing or perform a specified act. If from the text of an agreement and the language of the parties, either in the body of the instrument or in its recital or reference, there is manifested a clear intention that the parties shall do certain acts, courts will enforce a covenant in the case - of sealed instruments or a promise if the instrument is unsealed for non-performance of which an action on covenant or assumpsit will lie.”
In the case of Barton v. McLean, 5 Hill, 257, plaintiff agreed to furnish what ore might be wanted in stocking a forge at a price not to exceed $5 per *70 toil, and the defendant refused to take any ore. It was held that the defendant was bound to accept and purchase from the plaintiff so much ore as was necessary to stock the defendant’s forge.
In Richards v. Edick, 17 Barb. 263, the plaintiff agreed to sell his farm for and in consideration of $1,700 but there was no express agreement by defendant to buy or pay for the farm. It was held that “ when Richards agrees to sell his farm to Edick for $1,700, and two hundred and forty acres of land in Illinois, and Edick signs the agreement, there is a promise to purchase and pay for the farm; the consideration expressed is as clearly implied as though it were expressed in w'ords. It is not merely a promise made by one paity to the other, but it was an agreement made by both and binding upon both by every principle of law and morality applicable to the construction of contracts and this case is cited with approval in Baldwin v. Humphrey, 44 N. Y. 615, where the same principle is applied.
In the covenant in this case the same words are used.- The clause in question commences.
“It is further mutually covenanted and agreed.” What ? “ that the defendant shall have a license” on payment of $ 6,500 per year. To this covenant the words of Mr. Justice G-bidley in Richards v. Edick apply. “ When the defendant signed the agreement there was a promise to pay for the license ; the consideration expressed was as clearly implied as though it were expressed in words.”
The tenth clause of the agreement strongly confirms the view that this construction was the one intended by the parties. It is there provided, that in the “ event of the business of the company being terminated by circumstances over which the officers and directors have no control, this contract shall be null and void, and the license to use the inventions above referred to shall cease.” If the defend *71 ant had the option to use the invention or not as it pleased and was only obliged to pay when it used, it, the provision would be entirely unnecessary.
I am of the opinion, therefore, that the defendant was liable to the plaintiff whether it used the invention or not, and that the complaint set up a good cause of action.
I think, therefore, that the judgment should be erversed and judgment ordered for the plaintiff as demanded in the complaint.